UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

_____

| | |
|---|---|
| VIVIAN LYNN BARLOW GLAZE | CIVIL ACTION NO. 06-1618-A |
| -vs- | JUDGE DRELL |
| SHEER REFLECTIONS, INC., et al. | MAGISTRATE JUDGE KIRK |

R U L I N G

Many years ago as a young Judge Advocate, the undersigned was taught a lesson about not over-analyzing something otherwise simple and capable of disposition without great gnashing of teeth or other fanfare. This is one of those cases where application of the learned lesson is appropriate. Ah, but we must explain.

At its core, this appeal addresses a decision by the bankruptcy judge to allow relief from the automatic stay to allow a state court action to proceed against appellant, Vivian Glaze. The record describes what happened. Mrs. Glaze was sole shareholder of an outfit called "Sheer Reflections, Inc." After Mrs. Crooks had a compensable worker's compensation claim pursuant to Louisiana law, Sheer Reflections filed a petition for relief under Chapter 7, hoping to protect itself from Mrs. Crooks' claim. The voluntary petition reflects

inadequate assets owned by Sheer Reflections to pay the claim. The record, however, also reflects that, apparently interested in the activities and assets of Mrs. Glaze, the Trustee in Bankruptcy filed a motion for a Section 2004 examination. That motion and the sought information is yet incomplete. In the interim, on August 2, 2006, Mrs. Crooks sought relief from the bankruptcy judge for relief from the automatic stay as it related to the claims against Mrs. Glaze personally, this action arising out of a state court suit filed against her, claiming that she undercapitalized or manipulated the funding of Sheer Reflections and also violated the public policy of Louisiana by not having worker's compensation insurance in place, as is REQUIRED by Louisiana law. In this instance, Bankruptcy Judge Hunter granted relief, allowing the state court suit to go forward. It is this order from which Mrs. Glaze seeks cover.

It is here where we see that following the lead of Mrs. Glaze's counsel will only lead us to complicate that which is quite simple. We say this because her able counsel's brief urges us to go at the matter full bore, by asking us to explore the entire matter of the merits of the state court litigation. To do so where, as here, it is unnecessary for disposition of the appeal would be an improper departure from the principles of comity with the state courts. In short, the correct way to decide the appeal is to answer only one question: Did the bankruptcy judge abuse his discretion in lifting the automatic stay to ALLOW the state court to determine the liability issues? We find that he did not.

We begin with an assumption, not fleshed out in the appellate record, that the automatic stay actually applied to the action against Mrs. Glaze in the first place. Apparently its specter was of concern to the state judge and the bankruptcy judge acted as if it would have application to the claims against Mrs. Glaze. Nonetheless, it is patently obvious to us that somehow the claim against her will have to be adjudicated somewhere. From the record it appears possible that the Section 2004 examination might shed light on some of the issues. Yet, as aptly pointed out by her counsel, the matter of alter-ego liability in these circumstances under LOUISIANA law is far from clear. That issue is one more properly disposed of in state court where, as here, suit has already been filed and, except for this procedural issue, is ready to proceed. It is also easily contemplated that the merits of alter-ego liability in this case may require determination by appellate courts. While it may have been possible to flesh out all of the merits issues in this case by way of further proceedings in the bankruptcy court, we cannot say that, with the discretionary powers granted to a bankruptcy court for relief from the stay, to allow the matter to go forward in state court is any way an abuse of that discretion. As pointed out by counsel for Mrs. Crooks, there is adequate protection because, if the bankruptcy estate is actually affected by the state decision, further proceedings may be had in bankruptcy.

The suggestion by counsel for Mrs. Glaze that 11 U.S.C. § 362(a)1 or (3) act as a bar to the actions of the bankruptcy judge in this action is not well founded. That is because those provisions are modified by Section 362(d), allowing for the very action taken by the bankruptcy court here.

SIGNED on this 27th day of February, 2007, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge